The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 4, 2015, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: March 4, 2015**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Chapter 7 Proceedings |
| MOHAMMAD WALEED ASEIREH & AMANNDA JEAN LYNN ASEIREH, | Case No. 14-16175 |
| Debtors. | Judge Arthur I. Harris |
| BURTON FOOD SERVICES, INC., Plaintiff, | Adversary Proceeding No. 14-1227 |
| v. | |
| MOHAMMAD WALEED ASEIREH, Defendant. | |

## MEMORANDUM OF OPINION

Before the Court is defendant-debtor Mohammad W. Aseireh's (debtor's) motion to dismiss the adversary complaint filed by creditor Burton Food Services, Inc. (Burton Food). The complaint stems from a dispute over the operation of a

restaurant, which was governed by a lease agreement between the debtor and Burton Food. In the complaint, Burton Food alleges that the debt owed to Burton Food by the debtor is nondischargeable under Bankruptcy Code Sections 523(a)(2)(A), 523(a)(4), and 523(a)(6). Burton Food further objects to the debtor's discharge under Sections 727(a)(3), 727(a)(4), and 727(a)(5), due to the debtor's alleged failure to report income on his bankruptcy schedules, his failure to maintain records, and his failure to explain a loss in assets. The debtor moves to dismiss Burton Food's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, the debtor's motion to dismiss is granted as to the allegations under Sections 523(a)(4) and denied as to the remaining allegations.

## JURISDICTION

An action to determine the dischargeability of a debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Court has jurisdiction over core proceedings under 28 U.S.C. §§ 157(a) and 1334 and Local General Rule 2012-7, entered on April 4, 2012, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL HISTORY

The debtor and the debtor's wife filed their Chapter 7 case on September 26,

2014 (Bankr. Case No. 14-16175). On December 29, 2014, Burton Food filed its complaint against the debtor to determine the dischargeability of a debt and objecting to discharge (Adv. Pro. No. 14-1227). On January 25, 2015, the debtor moved to dismiss Burton Food's complaint. On February 17, 2015, Burton Food filed an objection to the debtor's motion to dismiss.

## BURTON FOOD'S COMPLAINT

Burton Food's complaint contains two counts. Count One alleges that the debt owed by the debtor to Burton Food is nondischargeable under Bankruptcy Code Sections 523(a)(2)(A), 523(a)(4), and (a)(6). Count Two alleges that the debtor is not entitled to a discharge under Sections 727(a)(3), 727(a)(4), and 727(a)(5).

In Count One, Burton Food alleges that, despite entering into an agreement to pay sales tax, payroll taxes, and other expenses of the restaurant, the debtor failed and refused to pay the taxes and expenses. Burton Food further alleges that, at the time of the agreement, the debtor never intended to pay the taxes and expenses, thus misrepresenting to Burton Food that he would pay the taxes and expenses of the restaurant. Burton Food asserts that it justifiably relied upon the debtor's misrepresentation, incurring losses in excess of $76,118.99. For these reasons, Burton Food asserts that the debt owed to it by the debtor is

nondischargeable under Sections 523(a)(2)(A), (a)(4), and (a)(6).

In Count Two, Burton Food alleges that the debtor failed to file a tax return with the appropriate authorities reporting his receipt of income as management fees for tax year 2013 in the amount of $45,385. Burton Food further alleges that the debtor did not list the management fee income in Item 1 of his Statement of Financial Affairs or other portions of his bankruptcy schedules filed with this Court. Burton Food seeks a denial of the debtor's discharge based on his failure to maintain adequate records under Section 727(a)(3). In addition, Burton Food alleges that the debtor is not entitled to a discharge under Section 727(a)(4) because he made a false oath by failing to disclose his management fee income on his statements and schedules. Finally, Burton Food asserts that the debtor is not entitled to a discharge under Section 727(a)(5) because he failed to explain the loss of his management fee income.

## THE DEBTOR'S MOTION TO DISMISS

The debtor filed a motion to dismiss Burton Food's complaint based upon Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. First, the debtor asserts that because Burton Food's complaint contains allegations of fraud, that the heightened pleading standard of Federal Rule of Civil Procedure 9(b) (made applicable pursuant to Federal Rule of

4

Bankruptcy Procedure 7009) applies to Burton Food's complaint, rather than the Rule 8(a) pleading standard. The debtor argues that Burton Food has failed to plead the elements of fraud with particularity in order to meet the Rule 9(b) standard, and that the motion to dismiss under Rule 12(b)(6) should be granted.

BURTON FOOD'S OBJECTION TO THE MOTION TO DISMISS

In its objection to the debtor's motion to dismiss, Burton Food argues that the heightened pleading standard of Federal Rule of Civil Procedure 9(b) does not apply to its complaint because none of Burton Food's allegations allege actual fraud, and therefore, the complaint is only subject to the requirements of Federal Rule of Civil Procedure 8(a)(2). Specifically, Burton Food points out that Section 523(a)(2)(A) does not require actual fraud to state a claim for relief; instead, Burton Food alleges that the debtor made "false pretenses and false representations" under this section. Burton Food concedes that it has failed to state a claim under Section 523(a)(4), and consents to the Court entering an order dismissing the part of its complaint that requests relief under that section. As for Section 523(a)(6), Burton Food asserts that an allegation of "willful and malicious injury" by the debtor does not require proof of fraud, and is therefore not subject to Federal Rule of Civil Procedure 9(b).

In regards to Count Two of its complaint, Burton Food asserts that

Sections 727(a)(3), (a)(4), and (a)(5) do not contain any reference to fraud, and Rule 9(b) does not apply to the allegations contained in Count Two. Burton Food asserts that its complaint meets the pleading standard contained in Federal Rule of Civil Procedure 8(a)(2) and that the debtor's motion to dismiss should be denied.

DISCUSSION

*Federal Rule of Civil Procedure 9(b)*

Rule 9(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7009, provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Because claims based on fraud pose "a high risk of abusive litigation," *Twombly v. Iqbal*, 550 U.S. at 569 n. 14 (2007), a party making such allegations "must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent. *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012), citing *Ind. State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942–43 (6th Cir. 2009).

6

In ruling on a motion to dismiss for failure to plead fraud with particularity, a court must balance the requirements of Rule 9(b) with those of Rule 8, which calls for a "a short and plain statement of the claim showing that the pleader is entitled to relief."  In particular, the Court must consider the policy of simplicity in pleading contained in Rule 8 when ruling on a motion to dismiss under Rule 9(b). *See Travis v. ADT Sec. Servs., Inc.*, 884 F. Supp. 2d 629, 635 (E.D. Mich. 2012). "Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony." *Sanderson v. HCA – The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006).

*Application of Rule 9(b) to Burton Food's Complaint*

Rule 9(b) applies to allegations of actual fraud; the less demanding requirements of Rule 8 apply to allegations other than fraud.  The allegations in Burton Food's complaint under Bankruptcy Code Sections 523(a)(4) and 727(a)(4) require a showing of actual fraud; therefore, these allegations must be pled with particularity in order to survive the debtor's motion to dismiss under Rule 12(b)(6).  The pleading standard of Rule 8 applies to the remaining allegations (under Sections 523(a)(2)(A), 523(a)(6), 727(a)(3), and 727(a)(5)), as they do not include actual fraud.

*Burton Food's Allegations under Code Sections 523(a)(4) and 727(a)(4)*

Section 523 of the Bankruptcy Code provides in pertinent part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
> . . . .
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

In its objection to the motion to dismiss, Burton Food concedes that it has failed to state a claim under Section 523(a)(4), and consents to the Court entering an order dismissing the part of its complaint that requests relief under that section. Therefore, the Court dismisses the portion of Burton Food's complaint that contains allegations under Section 523(a)(4).

Section 727 of the Bankruptcy Code provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless—
> . . . .
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account;
> (B) presented or used a false claim;
> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

Because Section 727(a)(4) requires a showing that the debtor fraudulently committed one of the actions contained in subsections (A) through (D), the heightened pleading standard of Rule 9(b) applies to allegations made under this section. Therefore, the allegations under Section 727(a)(4) in Burton Food's complaint must be pled with particularity in order to survive the debtor's motion to dismiss.

In order to survive the motion to dismiss, Burton Food's allegations under Section 727(a)(4) must (1) specify the allegedly fraudulent statements; (2) identify the speaker; (3) plead when and where the statements were made; and (4) explain what made the statements fraudulent. *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d at 247. Burton Food alleges that the "Defendant is not entitled to a discharge herein under the provisions of Section 727(a)(4) of the Bankruptcy Code for making a false oath or account by failing to disclose in his bankruptcy filing the income he took by reason of management fees from the restaurant business" for tax year 2013 in the amount of $45,385 (Plaintiff's Complaint at 4-5). The allegations identify (1) the fraudulent statement – the income reported on Item One on the Statement of Financial Affairs; (2) the speaker – the debtor; (3) when and where the statements were made – on Item One of the Statement of Financial Affairs; and (4) what made the statements fraudulent – the $45,385 in

9

management fees that were not included for tax year 2013. For these reasons, Burton Food's allegations under Section 727(a)(4) meet the heightened pleading standard required by Rule 9(b).

*Federal Rule of Civil Procedure 8*

Because the allegations under Sections 523(a)(2)(A), 523(a)(6), 727(a)(3), and 727(a)(5) in Burton Food's complaint do not allege fraud, the pleading standard of Fed. R. Civ. Pro. 8 applies. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). A complaint must also "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Supreme Court has stated that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Supreme Court further noted that:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the

10

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

*Iqbal*, 556 U.S. 662 at 663-64 (citations omitted). Under the pleading standard conveyed in *Iqbal* and *Twombly*, a complaint must allege more than a mere "formulaic recitation" of the elements of a claim to withstand a Rule 12(b)(6) challenge. *NM EU Corp. v. Deloitte & Touche LLP* (*In re NM Holdings Co.*), 622 F.3d 613, 623 (6th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1949); *See also Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). "[A] legal conclusion couched as a factual allegation" need not be accepted as true. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citing *Twombly*, 550 U.S. at 555).

*Allegations under Section 523(a)(2)(A)*

Section 523(a)(2)(A) provides, in pertinent part, that a discharge under Section 727 does not discharge an individual debtor from any debt for money or property obtained by false pretenses, a false representation, actual fraud, or use of a statement in writing under certain circumstances. In its objection to the debtor's motion to dismiss, Burton Food asserts that it alleges "false pretenses and false representations" under Section 523(a)(2)(A), rather than actual fraud. Burton Food's complaint alleges that the debtor entered into an agreement with Burton

11

Food having actual knowledge that he would not pay the taxes and expenses required under the agreement and that Burton Food justifiably relied upon this representation, ultimately suffering losses of $76,118.99. Burton Food further alleges that the debtor failed and refused to pay the requisite taxes and expenses under the agreement. This Court concludes that the plaintiff has pleaded sufficient facts that allow the Court to draw the reasonable inference that the debtor intentionally made false representations. Thus, the complaint is plausible on its face as to the allegation of nondischargeability under Section 523(a)(2)(A).

*Allegations under Section 523(a)(6)*

Section 523(a)(6) provides, in pertinent part, that a discharge under Section 727 does not discharge an individual debtor "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" Burton Food's complaint contains allegations that the debtor willfully caused injury to another entity (Burton Food) by entering into the lease agreement without intending to pay taxes and expenses, resulting in Burton Food losing $76,118.99. The Court concludes that Burton Food's complaint alleges sufficient facts that allow the Court to draw the reasonable inference that the debtor's actions were willful and malicious. Thus, the complaint is plausible on its face as to the allegation of nondischargeability under Section 523(a)(6).

12

*Allegations under Section 727(a)(3)*

Section 727(a)(3) provides, in pertinent part, that "the Court shall grant the debtor a discharge, unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained." Burton Food alleges that, although the debtor received management fee income of $45,385 in tax year 2013, he failed to maintain books and records accounting for those funds. The Court concludes that Burton Food's complaint alleges sufficient facts that allow the Court to draw the reasonable inference that the debtor failed to keep or preserve books and records sufficient to explain the management fee losses. Thus, the complaint is plausible on its face as to the allegation of denial of discharge under Section 727(a)(3).

*Allegations under Section 727(a)(5)*

Section 727(a)(5) provides, in pertinent part, that the Court shall grant the debtor a discharge, unless "the debtor has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities." Burton Food alleges that the debtor has failed to explain his loss of assets, *i.e.*, the income from the management fees taken from Burton Food's restaurant business. The Court concludes that Burton Food's complaint alleges sufficient facts that allow the

Court to draw the reasonable inference that the debtor failed to explain the loss of assets. Thus, the complaint is plausible on its face as to the allegation of denial of discharge under Section 727(a)(6).

Accordingly, the complaint states a claim upon which relief can be granted under Sections 523(a)(2)(A), 523(a)(6), 727(a)(3), 727(a)(4), and 727(a)(5). The complaint fails to state a claim upon which relief can be granted under Section 523(a)(4).

## CONCLUSION

For the foregoing reasons, the debtor's motion to dismiss under Rule 12(b)(6) is granted as to the allegations under Section 523(a)(4) and denied as to the remaining allegations. The debtor must file an answer to Burton Food's complaint by March 25, 2015.

IT IS SO ORDERED.